IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

AMERICAN BANKERS LIFE
ASSURANCE COMPANY OF FLORIDA,
ET AL., PLAINTIFFS,

VS. CIVIL ACTION NO. 2:04CV141-P-A

DONELL BENSON, ALMA BURNETT, and
COLLIE PEARSON, DEFENDANTS.

## MEMORANDUM OPINION

This matter comes before the court upon Plaintiffs American Bankers Life Assurance Company of Florida, American Bankers Insurance Company of Florida, and American Reliable Insurance Company's Motion for Summary Judgment [14-1]. Upon due consideration of the motion and the responses filed thereto, the court is prepared to rule.

The insurance company plaintiffs in the present case are among the defendants in the underlying case of *Walton et al., v. Tower Loan, et al.* now pending in the Circuit Court of Coahoma County, Mississippi (having had this court's Cause Number 2:03cv181 before being remanded by Judge Michael P. Mills on November 4, 2004).

After *Walton* was filed, the insurance companies filed the instant petition to compel arbitration of the claims of Donell Benson, Alma Burnett, and Collie Pearson against them. The insurance companies submit that these claimants signed arbitration agreements that cover their claims in the *Walton* case.

In response to the petition, the three defendants filed a motion to dismiss, arguing waiver, failure to add a compulsory claim, and the first-to-file rule. The court has denied their motion to

1

dismiss. This leaves the instant motion filed by the insurance companies seeking summary judgment that the three's claims are subject to the arbitration agreements they signed and that their claims in the underlying *Walton* action should be stayed until arbitration is complete.

In opposition to summary judgment, the three have incorporated their arguments for dismissal.

There is no dispute that the three claimants signed the subject arbitration agreements. It is also undisputed that the language of the arbitration agreements covers the scope of the claims levied by them against the insurance defendants in *Walton*.

Under the Federal Arbitration Act, written agreements to arbitrate controversies arising out of an existing contract "shall be valid, irrevocable and enforceable." 9 U.S.C. § 2. "Contracts to arbitrate are not to be avoided by allowing one party to ignore the contract and resort to the courts." *Southland Corp. v. Keating*, 465 U.S. 1, 7 (1984). The FAA "mandates that district courts shall direct parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Even when a party claims the contract itself was fraudulently induced, such a claim does not affect the parties' obligation to arbitrate. *Prima Paint Corp. v. Flood & Conklin Mfg.Co.*, 388 U.S. 395, 403 (1967).

The Supreme Court has consistently held that "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University*, 489 U.S. 468, 476, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989).

In any event, a person is bound by the contents of a contract he signs, whether he reads it

or not. *Stephens v. Equitable Life Assur. Society of the U.S.*, 850 So.2d 78, 83084 (Miss. 2003); *Massey v. Tingle*, 867 So.2d 235, 240 (Miss. 2004) ("[I]n Mississippi, a person is charged with knowing the contents of any document that he executes."); *Turner v. Terry*, 799 So.2d 25, 36 ("[P]arties to an arms-length transaction are charged with a duty to read what they sign; failure to do so constitutes negligence."); *McKenzi Check Advance of Mississippi, LLC v. Hardy*, 866 So.2d 446, 455 (Miss. 2004) ("It is well settled under Mississippi law that a contracting party is under a legal obligation to read a contract before signing it."); *Washington Mutual Finance Group, LLC v. Bailey*, 364 F.3d 260, 262-63 (even a illiterate person is charged with reading a contract).

## **CONCLUSION**

The court concludes that there is no need to delay decision upon the instant motion for summary judgment. It is evident the three claimants signed the arbitration agreements, that the agreements involved interstate commerce, and that the agreements cover the three's underlying claims in *Walton* against the insurance companies. It is equally clear that the three have submitted no evidence or binding legal authority to create a genuine issue of material fact. Therefore, Plaintiffs American Bankers Life Assurance Company of Florida, American Bankers Insurance Company of Florida, and American Reliable Insurance Company's Motion for Summary Judgment [14-1] should be granted.

Furthermore, the court concludes that the claims of Donell Benson, Alma Burnett, and Collie Pearson against the insurance companies in *Walton* should be stayed pending completion of arbitration pursuant to 28 U.S.C. § 2283 which provides in pertinent part that "A court of the United States may ... grant an injunction to stay proceedings in a State court ... where necessary

in aid of its jurisdiction, or to protect or effectuate its judgments." Accordingly, an Order shall issue forthwith,

**THIS DAY** of July 18, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE